UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.

TRACEY SPENCER,

          Defendant.

23-CR-20280
Judge: Linda V. Parker
MG: David R. Grand
Filed: 05/17/23
VIO: 18 U.S.C. § 371

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

### General Allegations

At all times relevant to this Information:

### The Medicare Program

1. The Medicare program ("Medicare") was a federal health care program providing benefits to persons who were 65 years of age or over or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services ("HHS"). Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

2. Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b), and a "Federal health care program," as defined by Title 42, United States Code, Section 1320a-7b(f).

3. Medicare covered different types of benefits and was separated into different program "parts." Medicare "Part A" covered certain eligible home health care costs for medical services provided by a home health agency ("HHA"), also referred to as a "provider," to persons who already qualified for Medicare and who additionally required home health services because of an illness or disability that caused them to be homebound.

4. National Government Services was the CMS intermediary for Medicare Part A in the state of Michigan starting in or around May 2015. AdvanceMed (now known as "CoventBridge") was the Zone Program Integrity Contractor ("ZPIC"), meaning the Medicare contractor charged with investigating fraud, waste, and abuse.

5. By becoming a participating provider in Medicare, enrolled providers agreed to abide by the policies and procedures, rules, and regulations governing reimbursement, and furthermore, certified that they would not knowingly present, or cause to be presented, false and fraudulent claims. In order to receive Medicare funds, enrolled providers, together with their authorized agents, employees, and contractors, were required to abide by all of the provisions of the Social Security

Act, the regulations promulgated under the Act, and applicable policies, procedures, rules, and regulations issued by CMS and its authorized agents and contractors.

6. Upon certification, the provider, whether a clinic, a home health agency ("HHA"), or an individual, was assigned a provider identification number for Medicare billing purposes (referred to as a "National Provider Identifier" or "NPI"). When the provider rendered a service, the provider submitted a claim for reimbursement to the Medicare contractor or carrier that included the NPI assigned to that provider.

7. In order to receive reimbursement for a covered service from Medicare, a provider was required to submit a claim, either electronically or using a form (e.g., a CMS-1500 form or UB-92) containing the required information appropriately identifying the provider, beneficiary, and services rendered.

8. Providers were given, and provided with online access to Medicare manuals and services bulletins describing proper billing procedures and billing rules and regulations. Providers could only submit claims to Medicare for services they rendered, and providers were required to maintain patient records to verify that the services were provided as described on the claim form. These records were required to be sufficient to permit Medicare, through its contractors, to review the appropriateness of Medicare payments made to the provider.

9. Medicare only covered services that were not procured through the payment of kickbacks and bribes, medically reasonable and necessary, eligible for reimbursement, and provided as represented.

10. Medicare only covered home health services, if, on the claimed dates of service:

    a. the Medicare beneficiary was under the care of a doctor and receiving services under a plan of care established and reviewed regularly by a doctor;

    b. the Medicare beneficiary needed, and a doctor certified that the beneficiary needed, one or more of the following: (i) intermittent skilled nursing care; (ii) physical therapy; (iii) speech-language pathology services; or (iv) continued occupational therapy;

    c. the HHA must have been approved by Medicare (Medicare-certified); and

    d. the Medicare beneficiary was homebound, and a doctor certified that the Medicare beneficiary was homebound.

## Federal Anti-Kickback Statute Compliance

11. As a requirement to enroll as a Medicare provider, Medicare required providers to agree to abide by Medicare laws, regulations, and program instructions. Medicare further required providers to certify that they understood that a payment

of a claim by Medicare was conditioned upon the claim and the underlying transaction complying with these laws, regulations, and program instructions, including the Federal Anti-Kickback Statute. Accordingly, Medicare would not pay claims procured through kickbacks and bribes.

### The Relevant Home Health Agency

12. Miracle Care LLC, doing business as Phenomenal Home Health Care ("Phenomenal"), was a Michigan company doing business in Detroit, Michigan, in the Eastern District of Michigan. Phenomenal was enrolled as a participating Medicare provider and submitted claims to Medicare. Phenomenal was a HHA that purportedly provided in-home physical therapy and skilled nursing services to patients, including Medicare beneficiaries.

### The Defendant and Other Individuals

13. Defendant TRACEY SPENCER, a resident of Macomb County, Michigan, was a co-owner of Phenomenal beginning in or around April 2011 and continuing through at least in or around May 2018.

14. Individual 1, a resident of Oakland County, Michigan, was a co-owner of Phenomenal beginning in or around May 2011 and continuing through at least in or around May 2018.

15. Individual 2, a resident of Macomb County, Michigan, was a patient recruiter, paid by Defendant TRACEY SPENCER and/or Individual 1 by and through Phenomenal.

## COUNT 1
## (18 U.S.C. § 371—Conspiracy to Defraud the United States and Pay Health Care Kickbacks)

16. Paragraphs 1 through 15 of this Information are re-alleged and incorporated by reference as though fully set forth herein.

17. Beginning in or around May 2016, and continuing through in or around May 2018, in the Eastern District of Michigan, and elsewhere, the defendant, TRACEY SPENCER, did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with Individual 1, Individual 2, and others to commit certain offenses against the United States, that is:

    a. to defraud the United States by impairing, impeding, obstructing, and defeating through deceitful and dishonest means, the lawful government functions of the HHS and CMS, in their administration and oversight of Medicare, in violation of Title 18, United States Code, Section 371; and

    b. to offer and pay remuneration, including kickbacks and bribes, directly and indirectly, overtly and covertly, in cash and in kind to any person to induce such person: (i) to refer an individual to a person for the furnishing and arranging for the

furnishing of any item and service for which payment may be made in whole and in part under a Federal health care program, that is, Medicare; and (ii) to purchase, lease, order, and arrange for and recommend purchasing, leasing, and ordering any good, facility, service, and item for which payment may be made in whole or in part under a Federal health care program, that is, Medicare, in violation of Title 42, United States Code, Section 1320a-7b(b)(2)(A) and (B).

## Purpose of the Conspiracy

18. It was a purpose of the conspiracy for TRACEY SPENCER, Individual 1, Individual 2, and their co-conspirators to unlawfully enrich themselves by: (a) offering and paying kickbacks and bribes to recruiters and marketers in exchange for the referral of Medicare beneficiaries to Phenomenal for home health care; (b) submitting or causing the submission of claims to Medicare for home health care purportedly provided to beneficiaries who were referred to Phenomenal as a result of the payment of kickbacks and bribes; and (c) diverting proceeds of the fraud for the personal use and benefit of the defendant and her co-conspirators, and to further the fraud.

## Manner and Means

The manner and means by which the defendant and her co-conspirators sought to accomplish the purpose of the conspiracy included, among others, the following:

19. Beginning in or around 2007, TRACEY SPENCER and Individual 1 exercised ownership and control over Phenomenal.

20. In or around May 2011, TRACEY SPENCER and Individual 1 caused the submission of certifications to Medicare that Phenomenal would comply with all Medicare rules and regulations, and federal laws, including that each home health agency would refrain from violating the Federal Anti-Kickback Statute.

21. In or around May 2016, TRACEY SPENCER and Individual 1 began to pay illegal kickbacks and bribes in the form of electronic cash transfers to Individual 2 in exchange for the referral of Medicare beneficiaries and the arranging of orders for home health care, subsequently billed to Medicare.

22. TRACEY SPENCER, Individual 1, and others knew and understood that it was illegal to pay and receive kickbacks and bribes in exchange for the referral of Medicare beneficiaries and the arranging of orders for home health care that were billed to Medicare.

23. TRACEY SPENCER, Individual 1, and others conspired to pay illegal kickbacks and bribes to Individual 2 and others in exchange for referrals of Medicare beneficiaries to Phenomenal for the purpose of billing Medicare.

24. From in or around May 2016, and continuing through in or around May 2018, TRACEY SPENCER, Individual 1, and others submitted or caused the submission of false and fraudulent claims to Medicare, by and through Phenomenal, in the approximate amount of $170,191.24 for claims that were procured through the payment of illegal kickbacks and bribes to Individual 2, and therefore were ineligible for reimbursement. Medicare paid Phenomenal approximately $240,618 for these claims.

## OVERT ACTS

25. In furtherance of the conspiracy, and to accomplish its objects and purpose, at least one of the co-conspirators committed and caused to be committed, in the Eastern District of Michigan, and elsewhere, the following overt act, among others:

26. On or about May 18, 2018, TRACEY SPENCER and Individual 1 paid illegal kickbacks and bribes to Individual 2, totaling approximately $200, in exchange for the referral of Medicare beneficiaries to Phenomenal, for the purpose of billing Medicare.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATIONS
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461;
18 U.S.C. § 982(a)(7))

27. The above allegations contained in this Information are hereby incorporated by reference as if fully set forth herein for the purpose of alleging forfeiture against the defendant, TRACEY SPENCER, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(7); and Title 28, United States Code, Section 2461.

28. Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(7), together with Title 28, United States Code, Section 2461, as a result of the foregoing violation as charged in Count 1 of this Information, the defendant, TRACEY SPENCER, shall forfeit to the United States: any property, real or personal (a) which constitutes or is derived from proceeds traceable to the commission of the offense, and (b) that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

29. Such property includes, but is not limited to, a forfeiture money judgment, in an amount to be proved in this matter, representing the total amount of proceeds and/or gross proceeds obtained as a result of the defendant's violation as charged in Count 1 of this Information.

30. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant,

TRACEY SPENCER, shall forfeit substitute property, up to the value of the properties described above or identified in any subsequent forfeiture bills of particular, if, by any act or omission of the defendant, the property cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property that cannot be subdivided without difficulty.

DAWN N. ISON
UNITED STATES ATTORNEY

GLENN S. LEON
Chief
Criminal Division, Fraud Section
U.S. Department of Justice

REGINA R. MCCULLOUGH
Chief, Health Care Fraud Unit
United States Attorney's Office
Eastern District of Michigan


 s/Shankar Ramamurthy
SHANKAR RAMAMURTHY
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (202) 924-5368
Email: shankar.ramamurthy@usdoj.gov

Dated: May 17, 2023

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | Case Number |
|---|---|---|

**NOTE:** It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)**[1]: | **Judge Assigned:** |
| ☐ Yes    ☒ No | **AUSA's Initials:** |

**Case Title:** USA v. Tracey Spencer

**County where offense occurred :** Wayne

**Check One:**   ☒ Felony   ☐ Misdemeanor   ☐ Petty

    ____Indictment/ ✓ Information --- **no** prior complaint.
    ____Indictment/____Information --- based upon prior complaint [**Case number:**                    ]
    ____Indictment/____Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

**Superseding Case Information**

**Superseding to Case No:** _____    **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

May 17, 2023
Date

Shankar Ramamurthy
Trial Attorney
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: 202-924-5368

E-Mail address: shankar.ramamurthy@usdoj.gov
Attorney Bar #:  IL 6306790

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.